UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHN VIEIRA,<br><br>  Petitioner,<br><br>  vs.<br><br>Steven W. Ornoski, as Acting Warden of San Quentin State Prison,<br><br>  Respondent. | Case No. CIV. F-05-01492 OWW<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND REQUEST FOR APPOINTMENT OF COUNSEL BUT DENYING WITHOUT PREJUDICE REQUEST FOR TEMPORARY STAY OF EXECUTION |

Petitioner Richard John Vieira ("Vieira") commenced this action on November 22, 2005 pursuant to 28 U.S.C. § 2254 by electronically filing a combined request for appointment of counsel and a temporary stay of execution. Vieira filed an application to proceed in forma pauperis under separate cover simultaneous with his request for appointment of counsel and temporary stay of execution. Counsel employed by the Capital Habeas Unit of the Eastern District of California Federal Defender's Office assisted Vieira in the preparation and electronic filing of his moving papers. Assistant Federal Defender Joseph Schlesinger has advised the Court that the papers referred to above were served by mail on the Deputy Attorney General Catherine Chatman, counsel for Respondent Steven W. Ornoski,

as Acting Warden of San Quentin State Prison (the "Warden") on November 23, 2005.

## I. Application for Leave to Proceed in Forma Pauperis.

Rule 3(a)(2) of the Rules governing § 2254 Cases provides that a motion for leave to proceed in forma pauperis shall be accompanied by "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." The affidavit described in 28 U.S.C. § 1915 shall "include a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor."

In his combined application for appointment of counsel and temporary stay of execution, Vieira appends a declaration under penalty of perjury, which in addition to describing the basis for his request for appointment of counsel, avers that he is indigent and has assets of only $.70 in his prison trust account. Accompanying documents from San Quentin State Prison, including an inmate trust account statement, corroborate Vieira's indigent status. Vieira's declaration and accompanying documents together satisfy the requirements of 28 U.S.C. § 1915 and Rule 3(a)(2) of the Rules governing § 2254 Cases. Vieira is authorized to proceed with the present habeas action in forma pauperis, without restriction.

## II. Request for Appointment of Counsel.

Section 848(q)(4)(B) of Title 21 of the United State Code provides:

> In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially

> unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

Local Rule 81-191(d) of the Local Rules of the United States District Court for the Eastern District of California also provides for the appointment of counsel for indigent capital habeas petitioners. Under this rule, selection of an attorney is made from "[a] panel of attorneys qualified for appointment in death penalty cases" and "certified by a selection board appointed by the Chief Judge."

Vieira requests that the Court authorize the Selection Board for the Eastern District of California to recommend federal counsel for appointment in this case. He avers in his supporting declaration that private attorney Wesley A. Van Winkle is considering federal appointment if recommended by the Selection Board.

Vieira candidly discloses that procedurally his case is not ready for federal adjudication because his state attorneys have not yet filed a post-conviction petition before the California Supreme Court. He explains that his filing of the instant application and intention to file a federal petition is motivated by the recent United States Supreme Court opinion in *Pace v. DiGuglielmo*, 544 U.S. ___, 125 S.Ct. 1807 (2005), which significantly has altered the jurisprudence concerning statutory tolling under 28 U.S.C. § 2244(d)(2). He states the need to retain federal counsel in order to prepare and file a federal petition. He further notes that another recent Supreme Court case, *Rhines v. Weber*, 544 U.S. ___, 125 S.Ct. 1528 (2005), makes it possible for him to file a comprehensive petition in federal court even though the California Supreme Court has not ruled on post-

conviction claims. Vieira does not state when his state post-conviction petition will be filed or what progress is being made toward that end. Understandably, he also does not project when a federal habeas petition may be filed.

In light of recent United State Supreme Court jurisprudence, Vieira is entitled to appointment of federal counsel to prepare and file a petition seeking a writ of habeas corpus in this Court. The matter is therefore referred to the Selection Board for the Eastern District of California for recommendation of a qualified attorney to represent him. The Court requests that the Selection Board provide the Court monthly updates on progress in locating qualified, available counsel. The updates may be transmitted informally.

**III. Request for Temporary Stay of Execution.**

Local Rule 81-191(h) governs the issuance of stays of execution in capital cases. Subsection (h)(2) of Rule 81-191 provides that when an indigent, condemned habeas petitioner submits an application for appointment of counsel and a temporary state of execution, the Court shall issue a temporary stay of execution for a period of 45 days, while counsel is located. Subsection (h)(3) of Rule 81-191 further provides that upon appointment of counsel in a capital habeas proceeding, a separate stay of execution for a period of 120 days shall be issued while newly appointed counsel prepares the federal petition. Both temporary stays of execution may be extended at the discretion of the Court upon a showing of good cause.

Vieira requests a stay of execution of his sentence while the Selection Board locates counsel over the next 45 days under Local Rule 81-191(h)(2), and upon appointment of counsel for another temporary stay of 120 days under Local Rule 81-191(h)(3). Deputy Attorney

General Catherine Chatman has confirmed to the Court, however, that no efforts have been undertaken by the Warden to schedule a hearing with the Stanislaus County Superior Court for purposes of setting an execution date.  Because there is neither an execution date set nor plans to set an execution date, a stay of execution is not necessary in this action. Accordingly, Vieira's request for a stay of execution of his sentence is denied without prejudice.  If need be, he may seek a temporary stay of execution as appropriate in a later application.

   Good cause appearing therefor,

1.  Vieira's application for leave to proceed in forma pauperis is granted.

2.  The matter is referred to the Selection Board for the Eastern District of California to locate qualified and available counsel to represent Vieira in these federal habeas proceedings, with monthly updates on the progress of such efforts remitted informally.

3.  Vieira's request for a temporary stay of execution is denied without prejudice.

IT IS SO ORDERED.

Dated:   November 30, 2005

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge