UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD JOHN VIEIRA, | ) | Case No. CIV. F-05-01492 OWW |
| | ) | |
| Petitioner, | ) | <u>DEATH</u> <u>PENALTY</u> <u>CASE</u> |
| | ) | |
| vs. | ) | ORDER APPOINTING INTERIM COUNSEL |
| | ) | |
| Steven W. Ornoski, as Acting Warden of San Quentin State Prison, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Richard John Vieira ("Vieira") commenced this action on November 22, 2005 pursuant to 28 U.S.C. § 2254 by electronically filing a combined request for appointment of counsel and a temporary stay of execution. On November 30, 2005, the Court referred the matter to the Selection Board for the Eastern District of California. On January 20, 2006, the Selection Board advised the Court of its partial recommendation for counsel, that is, the appointment of Wesley Van Winkle as co-counsel, but serving alone on an interim basis. Although the Selection Board has in mind other counsel to represent Vieira along with Mr. Van Winkle, the availability of that counsel has not been conclusively determined. Because various procedural issues may affect this case in the event appointment of interim counsel is delayed, the Selection Board has recommended that Mr. Van Winkle be

appointed as co-counsel at once, with the understanding that separate counsel will be appointed as soon as availability and qualification issues have been resolved. The Selection Board reports in a subsequent communication dated January 30, 2006, that a recommendation for Mr. Van Winkle's co-counsel will be made within thirty days. The Guide to Case Management and Budgeting in Capital Habeas Cases, Eastern District of California, Fresno Division (hereafter the "Attorney Guide") specifies that the appointment of two lawyers who truly function as co-counsel, bearing equal responsibility for the litigation, is not presumed.[1] Before the Court will appoint lawyers to represent Vieira as co-counsel, the qualifications of the lawyers and the complexity of the case will be reviewed.

The Court accepts the recommendation of Mr. Van Winkle as interim counsel. Upon receipt of this order, Mr. Van Winkle is directed to familiarize himself with the Attorney Guide. Particular attention should be given to information about case management procedures and matters governing payment rates for appointed counsel, investigators, and experts. *See* Attorney Guide, ¶¶ 7, 9. As no reimbursement rate has been established for Mr. Van Winkle, setting that rate should be the first order of business. The Court will also establish whether Mr. Van Winkle is to function as co-counsel or second counsel in the case, as defined in the Attorney Guide. To assist the Court in this determination, Mr. Winkle is directed to complete the Rate Justification Worksheet (Appendix A to the Attorney Guide), and as much or all of the Confidential Case Evaluation Form (Appendix B to the Attorney Guide) as is possible at this stage of the proceedings.

---

[1] The Attorney Guide is posted on the Court's web-page.

Both of these documents will be submitted to the Court confidentially with Mr. Van Winkle's application to establish a rate of reimbursement.

Following establishment of a reimbursement rate, appropriate budget forms will be transmitted to Mr. Van Winkle electronically. *See* Attorney Guide ¶ 10. A preliminary budget for Phase I of the litigation must be presented and approved before the Court will authorize any payment for Mr. Van Winkle's professional services. *See* Attorney Guide, ¶¶ 44-48. Mr. Vieira's proposed budget for Phase I should be presented to the Court without delay. As specified in the Attorney Guide, the proposed budget and application, including a supporting declaration should be submitted to the Court under seal.[2]

While customarily, the Court would schedule an initial Case Management Conference ("CMC") at the time counsel is appointed, the unique procedural status of the case, where only interim counsel is appointed, dictates that the CMC be delayed until Vieira's full legal representation is resolved. With the expectation that full legal representation will be established by March 1, 2006, the Court directs Mr. Van Winkle to set an initial CMC the first available date on the Court's calendar in March, 2006. Written notice of the CMC shall be filed with the Court and served on opposing counsel. Mr. Van Winkle's proposed budget and budget application should be filed with the Court at least one calendar week prior to the CMC. The purpose of the initial CMC will be to discuss the status of record assembly and

---

[2] In this Court, sealed applications are submitted by mail and scanned into the Court's electronic filing system by Court Clerk's Office staff.

review by Vieira's counsel, case complexity,[3] an approximate date Respondent will be able to lodge the record, and any other matters the parties wish to discuss together with the Court.  Once case management issues are resolved, counsel for Respondent will be excused from the CMC so the Court can discuss budgeting procedures with Vieira's counsel on an ex parte basis.  Among the topics to be discussed during the ex parte proceedings is the time Vieira's counsel believe they will need to complete their review and annotation of the record.  The Court additionally may authorize interim expenditures for paralegals at an approved rate and schedule a date for submission of a revised proposed budget and budget application for Phase I including professional time and expenses of Mr. Van Winkle's co-counsel, if appropriate.[4]  The revised proposed budget should include all tasks to be completed during Phase I, including the time actually spent on tasks which already have been completed or partially performed. Counsel will not be reimbursed for work prior to the date of appointment.   The services of investigators or experts are not contemplated during this phase, but will be considered upon adequate justification.

    Good cause appearing therefor,

1.    The Court appoints Wesley Van Winkle as interim counsel in this matter, effective on the date this order is signed.

---

[3] In evaluating case complexity, counsel for Respondent is also directed to complete the Confidential Case Evaluation Form, which may be submitted to the Court confidentially or openly, at the discretion of Respondent.  *See* Attorney Guide, ¶ 44.

[4] The Court does not require a budget from attorneys employed by the Federal Defender's Office, but does require a statement of how resources are to be allocated.  If Mr. Van Winkle's anticipated co-counsel is private, a budget for his or her time will be required.

2.  Mr. Van Winkle shall file an application to establish a reimbursement rate accompanied by a Rate Justification Worksheet and Confidential Case Evaluation Form.  The application shall be filed under seal, and submitted to the Court by mail rather than electronically.

3.  Mr. Van Winkle shall schedule an initial CMC the first date available on the Court's calendar after March 1, 2006.  Notice of the CMC shall be filed and served on opposing counsel.

IT IS SO ORDERED.

Dated:   February 9, 2006

                                          /s/ Oliver W. Wanger
                                              Oliver W. Wanger
                                   United States District Judge