1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9  RICHARD JOHN VIEIRA,            )   Case No. CIV. F-05-01492 OWW
                                   )
10              Petitioner,        )   DEATH PENALTY CASE
                                   )
11     vs.                         )   ORDER  FOLLOWING  INITIAL  CASE
                                   )   MANAGEMENT CONFERENCE
12  Steven W. Ornoski, as Acting   )
   Warden of San Quentin State     )   DATE:     MARCH 9, 2006
13  Prison,                        )   TIME:     1:00 p.m.
                                   )   COURTROOM THREE
14              Respondent.        )
   _____)

15

16        This matter came on for an initial case management conference

17  ("CMC") in the above-entitled Court on March 9, 2006 at 1:00 p.m., the

18  Honorable Oliver W. Wanger presiding.  Petitioner Richard John Vieira

19  ("Vieira") was represented at the CMC by Wesley A. Van Winkle and

20  Respondent Steven W. Ornoski, as Acting Warden of San Quentin State

21  Prison (the "Warden") was represented by Deputy Attorney General

22  Catherine Chatman.  Also present at the CMC was Assistant Federal

23  Defender Timothy J. Foley on behalf of Vieira.  In a separate order

24  filed concurrently herewith, the Court appoints the Capital Habeas

25  Unit of the Federal Defender's Office to serve along with Mr. Van

26  Winkle as co-counsel in this case, with Mr. Foley as the designated

27  Federal Defender on Vieira's behalf.  All counsel appeared at the CMC

28  telephonically.

## I.   Introduction.

The purpose of the CMC was to establish a schedule for tasks to be accomplished in Phase I of the litigation and obtain more input about Vieira's proposed budget and case management plan.  The hearing was conducted in two parts.  The first included counsel for both parties discussing with the Court tasks to be performed and anticipated filing due dates.  The second part was conducted ex parte with only counsel for Vieira present discussing with the Court specific confidential matters relative to Vieira's proposed Phase I budget and case management plan.  Under 18 U.S.C. § 3599(f) (supplanting 21 U.S.C. § 848(q)(9) effective March 9, 2006), ex parte consideration of budgeting and funding matters requires a petitioner to make a showing of the need for confidentiality.  The Court finds that since budget applications require disclosure of matters protected by the attorney-client and/or work product privileges, the need for confidentiality is inherent in the budgeting process.  The ex parte proceedings for the present hearing have been reported and any memorialization of those proceedings will be maintained under seal. An order summarizing the ex parte proceedings is filed under seal concurrently herewith.

## II.  Overview of Phase I.

Phase I of capital habeas litigation in federal court involves the review and assembly of the record, and on the part of capital habeas petitioners, preliminary claim development.  Accordingly, during Phase I in this case, the Warden is expected to lodge the state record and Vieira's counsel are expected to review the record, consult with him, and conduct preliminary investigation for drafting the federal petition.  In preparation for the CMC, counsel for both the

Warden and Vieira completed Case Evaluation Forms (confidential, in the case of Vieira).  In addition, Mr. Van Winkle submitted a proposed budget and case management plan, which will be discussed in separate orders filed under seal.  From these documents, as well as from the Court's review of the  direct appeal opinion filed by the California Supreme Court and the California Supreme Court Web-Site, the Court has ascertained that although direct appeal proceedings have been completed,[1] no state habeas petition for habeas corpus has been filed in the California Supreme Court.  The parties discussed that a formal discovery motion filed in the Stanislaus Superior Court pursuant to Penal Code § 1054.9 has resulted in the production of 9,874 pages of documents from the Stanislaus District Attorney's Office.

### A.    Expiration of the Statute of Limitations.

The parties agree that the federal statute limitations pursuant to 28 U.S.C. § 2244(d)(1) expires on October 31, 2006.

### B.    Lodging the State Record.

Except for assembling the trial exhibits from Vieira's trial, Ms. Chatman represented at the CMC that the Warden is prepared to lodge the state record within two weeks.  In her Case Evaluation Form, Ms. Chatman states that the state record consists of 6,263 pages plus Vieira's discovery motion.  The state record is comprised of the reporter's transcript (2,164 pages), the clerk's transcript (1,695 pages), the record of correction proceedings (437 pages), and juror questionnaires (1,967 pages).  Ms. Chatman also estimates 300 pages for state habeas records, but there are no state habeas proceedings pending.

---

[1] The United States supreme Court denied certiorari regarding Vieira's direct appeal on October 31, 2005.

1   With respect to the trial exhibits, the parties discussed that
2   in addition to trial exhibits in Vieira's case in Stanislaus County,
3   some exhibits may be in possession of the Alameda County Superior
4   Court (where four of Vieira's co-defendants were tried).  Additional
5   exhibits may be in possession of the Stanislaus District Attorney'
6   Office (which tried all five co-defendants).  Within two weeks from
7   the issuance of this order, the parties will meet and confer about the
8   location of trial exhibits and the form in which they will be lodged
9   with this Court.  Within one week from the parties' meeting, they will
10  file a joint status report reporting the result of their efforts to
11  locate and reproduce trial exhibits.  Although Ms. Chatman stated she
12  could file a portion of the state record within two weeks, the Court's
13  preference is to have the complete state record filed at one time.

14      **C.   Duration of Phase I.**

15      Mr. Van Winkle anticipates that Phase I will be completed by June
16  30, 2006.  He also projects a completion date for Phase II of October
17  31, 2006, which corresponds to the last day for filing Vieira's
18  federal petition.  While the Court accepts the June 30, 2006 cut-off
19  for Phase I, and as set out below, accepts a petition due date co-
20  terminus with the expiration of the federal statute of limitations,
21  Phase II extends beyond the filing of the federal petition.  Phase II
22  is not complete until the answer is filed and the exhaustion status
23  of the federal petition is resolved.[2]

24
25
26  _____

27      [2] Although *Rhines v. Weber*, 544 U.S. 269 (2005) permits a federal
    court to hold in abeyance a mixed petition, containing both exhausted
28  and unexhausted claims, identifying unexhausted claims is still
    required for merits resolution.  *See* 28 U.S.C. § 2254(b)(1)(A).

1    **D.   Due Date for Filing the Federal Petition.**

2    Mr. Van Winkle represents that he can have Vieira's federal

3    petition on file on or before October 31, 2006.  He believes that he

4    will need nearly the entire limitations period to complete the

5    petition.  The Warden has no preference about when Vieira's federal

6    petition is filed, so long as it is filed within the limitations

7    period.  Vieira's federal habeas corpus petition shall be filed on or

8    before October 31, 2006.

9    In connection with the filing of the federal petition, the

10   parties also briefly discussed the abeyance procedure permitted under

11   *Rhines v. Weber*, 544 U.S. 269 (2005).  Mr. Van Winkle represents that

12   he will likely seek an abeyance order upon filing the petition, but

13   that this issue will be addressed more fully during Phase II of the

14   litigation.  Ms. Chatman stated the Warden prefers that abeyance

15   issues under *Rhines* be addressed during Phase II, particularly the

16   good cause and absence of abusive litigation tactics requirements.

17   **E.   Status of State Exhaustion.**

18   Mr. Van Winkle informed the Court that he believes he can file

19   Vieira's state habeas petition on the same day he files the federal

20   petition, or shortly thereafter.   He observed at the CMC there is no

21   "statute of limitations" for post-conviction petitions under

22   California law, although there are timeliness standards.  The Warden's

23   view is that the state habeas petition should have been filed long

24   ago.

25   **F.   Applicability of the Opt-In Provisions of The Patriot Act.**

26   The Court raised a question about the potential impact of the

27   opt-in provisions contained in the Patriot Act.   Counsel for both

28

1  parties opined that the new provisions probably would not have an
2  impact on the filing of the federal petition.

3          **G.   Vieira's Competence to Proceed with Federal Habeas.**

4          Mr. Van Winkle notes there are no known issues regarding Vieira's
5  competence to proceed with federal habeas at this time.  He stated at
6  the CMC that the only difficulty he has encountered in the area of
7  mental health is in the examination of Vieira by mental health experts
8  due to lack of state funding.

9          **H.   Case Complexity.**

10         The parties hold widely divergent views about the complexity of
11 this action.  Mr. Van Winkle believes the case is complex due to the
12 fact there were four victims, four co-defendants subsequently tried
13 separately in a different county, and one co-defendant who pleaded
14 guilty in exchange for a greatly reduced sentence.  Mr. Van Winkle
15 stated the record, including the trial records of the subsequently-
16 tried co-defendants, includes 40,000 pages, of which 24,000 he (and/
17 or co-counsel) must read.  Ms. Chatman, on the other hand, views the
18 case as not particularly complex because Vieira's actual trial record
19 is not voluminous, consisting of 6,263 pages.  Ms. Chatman believes
20 that co-defendant issues are minimized because Vieira was tried first
21 and "certain facts" made Vieira's case readily distinguishable from
22 his co-defendants' cases.  She does not believe it necessary for
23 Vieira's litigation teams to review 24,000 pages of record.

24 **III. Order.**

25         Based on the representations of the parties:

26         1.   The parties shall complete all litigation tasks in Phase I
27 by June 30, 2006.

28

05dp01492.OFo11CMC.Vie.wpd                    6

1    2.    The statute of limitations for the filing of Vieira's

2  federal petition expires on October 31, 2006.

3    3.    Vieira will file his federal petition on or before that

4  date.

5    4.    Vieira will endeavor to file his state habeas petition

6  contemporaneously with the filing of his federal petition.

7    5.    Within two weeks from the issuance of this Order, the

8  parties will meet and confer about the location of trial exhibits and

9  the form in which they will be lodged with the Court.

10    6.    Within seven calendar days following the parties' meeting,

11  they will file a joint status report recounting the result of the

12  efforts to locate and reproduce trial exhibits.

13

14    IT IS SO ORDERED.

15
Dated:___March 14, 2006___

16                                          ___/s/ Oliver W. Wanger___
                                               Oliver W. Wanger
17                                          United States District Judge

18

19

20

21

22

23

24

25

26

27

28