IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. VIEIRA,<br><br>    Petitioner,<br><br>    vs.<br><br>Robert K. Wong, as Acting Warden<br>of San Quentin State Prison,*<br><br>    Respondent. | Case No. 1:05-cv-1492-OWW<br><br><u>DEATH PENALTY CASE</u><br><br>ORDER DENYING PETITIONER'S PRO SE MOTION TO BYPASS EXHAUSTION AND PURSUE FEDERAL CLAIMS |

This matter is before the Court on the pro se, electronically filed motion of Petitioner Richard J. Vieira ("Vieira") to pursue his federal claims before this Court and bypass currently pending state exhaustion proceedings. The motion is captioned as one "to show cause." Respondent Robert K. Wong, As Acting Warden of San Quentin State Prison (the "Warden") opposes the motion.

**I.　Background.**

This action was commenced on November 22, 2005 with a combined pro se request to stay execution of Vieira's death sentence, to proceed in forma pauperis, and for appointment of counsel. CJA counsel Wesley A. Van Winkle was appointed February 10, 2006 and Assistant Federal Defender Timothy J. Foley was appointed March 15, 2006. With the statute of limitations set to expire October 31, 2006, and no state habeas petition ever filed, Messrs. Van Winkle and Foley immediately commenced developing federal claims which they assembled into a mixed federal petition filed on October 29, 2006. The first state habeas petition was filed in the California Supreme Court on October 31, 2006.

---

\* Robert K. Wong is substituted for his predecessor, Robert L. Ayers, as Acting Warden of San Quentin State Prison pursuant to Federal Rule of Civil Procedure 25(d)

On November 6, 2006, Vieira (through counsel) filed a contested motion to hold federal proceedings in abeyance during the pendency of the state exhaustion proceedings. The motion was granted on January 4, 2007 and the case remains in abeyance. The last status report regarding state proceedings, filed April 4, 2009 (doc. 53), reports that following the California Supreme Court's order for informal briefing, the respondent filed an informal response to the October 31, 2006 state habeas petition and Vieira filed his informal reply on December 10, 2007. No action has been taken on the state proceeding since December 10, 2007.

**II.     Brief Summary of the Motion.**

Vieira moves the Court for an order that he "qualifies" for federal review of his postconviction claims, despite the pendency of state exhaustion proceedings, because the California Supreme Court is "ineffective" and there is an absence of a state corrective process. He correctly references the controlling federal statute, 28 U.S.C. § 2254(b)(1), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

His challenge regarding the ineffectiveness of the state process is based on the recent criticism by the California Commission on the Fair Administration of Justice, which found the California procedure for adjudicating capital cases, on appeal and habeas corpus, to be dysfunctional and close to collapse. As further "evidence" of the ineffectiveness of the California Supreme Court's handling of capital cases, Vieira points out a Commission finding that out of 54 cases reviewed on federal habeas, 38, (which works out to be 70%) resulted in orders vacating those sentences. He has included the entire 195-page Commission report plus separate statements, letters, and a dissent, as Appendix A to his motion.

As to the availability of a corrective process, Vieira complains that his efforts to challenge state appointed counsel during appellate proceedings were completely thwarted, despite a state policy permitting such challenges. *See In re Barnett*, 31 Cal. 4th 466 (2003) (discussed *infra*). His pro se complaint about appellate counsel and the state court's cover letter returning his submission are included in his Appendix B. Separately, Vieira claims that the Office of the California Attorney General has a
...

conflict of interest in opposing his claims because of the nature of the claims, namely prosecutorial misconduct for withholding exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and for knowingly presenting false evidence, in violation of *Kyles v. Whitley*, 514 U.S. 419 (1995). He provides further legal authority for the prosecutorial misconduct claims in Appendix C to his motion.

**III.    Analysis.**

The Warden aptly cites to Ninth Circuit authority for the proposition that represented parties do not have the right to proceed pro se. *See United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995). The "right to counsel and the right to proceed pro se are disjunctive rights." *United States v. Crowhurst*, 629 F.2d 1297, 1301 (9th Cir. 1980). This principle is embraced by Eastern District of California Local Rule 7-131(b) which directs that "pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in *propria persona*." The Warden also cites *In re Barnett*, 31 Cal. 4th 466, relative to habeas corpus petitioners in particular.

In *Barnett*, the habeas petitioner was represented on state exhaustion proceedings by counsel appointed both in the federal and state courts. *Id*. at 470. Notwithstanding the continued and uncontested representation of appointed counsel, the petitioner submitted eight pro se documents for consideration by the high state court. *Id*. The court concluded that a represented capital inmate's pro se submissions challenging the legality of capital conviction or sentence should not be filed. *Id*. at 477. Specifically excepted from this prohibition were pro se motions regarding representation, including motions for self-representation. *Id*. at 477, n. 7.

After conducting independent legal research on the issue, the Court has located no Ninth Circuit or Supreme Court case on point. The analogous holdings of the Ninth Circuit in *Olano* and *Crowhurst*, *supra*, however are compelling. In addition, prohibiting pro se filings by represented habeas petitioners in federal court is the rule in a number of other circuits. *See Downs v. McNeil*, 520 F.3d 1311, 1325, n. 10 (11th Cir. 2008) (noting that the Middle District of Florida routinely strikes and returns pro se filings by represented habeas petitioners); *Nichols v. Mills*, (Slip Copy) 2008 WL 4646160, *1 (W.D. Tenn. 2008) (petitioner's pro se motion under Fed.R.Civ.P 60(b)(6) was precluded because he was represented by counsel); *McLaurin v. Ballard* (Slip Copy) 2008 WL 4498822, *5 (S.D.W.Va. 2008) (court clerk

lodged pro se filing and wrote a letter to petitioner advising him to raise any and all claims through counsel); *Moore v. Sachse*, 421 F.Supp.2d 1209, 1216 (E.D.Mo. 2006) (holding that court clerk's decision to refuse petitioner's pro se brief was not discretionary, but mandated by application of Mo.Ct.App.E.D. Rule 380(a));

Vieira's arguments in his motion in no way challenge his continued representation by Mr. Van Winkle or Mr. Foley. Rather, he is asking the Court to subvert exhaustion in his case and thereafter reach the merits of his currently pending federal habeas petition. Because his pro se motion does not challenge his legal representation, any argument under § 2254(b)(1) should be advanced by appointed counsel.

**IV.    Order.**

While the Court comprehends Vieira's frustration with appellate proceedings before the California Supreme Court and his subverted challenges to his appellate representation, no similar charges are lodged against his federally appointed counsel. In fact, Vieira is asking the Court to proceed with litigation of the petition federally appointed counsel have filed on his behalf. In light of the foregoing, Vieira's pro se motion to proceed with the litigation of his federal claims is denied. Vieira is admonished that the Court will not file subsequent pro se submissions while he is represented by counsel, except for documents which challenge his legal representation.

IT IS SO ORDERED.

Dated:    April 22, 2009

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge