IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. VIEIRA,<br><br>    Petitioner,<br><br>vs.<br><br>Robert K. Wong, as Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:05-cv-1492-OWW<br><br>DEATH PENALTY CASE<br><br>ORDER RE:<br>(1) RESPONDENT'S INCOMPLETE ANSWER;<br>(2) DIRECTIVE TO PARTIES;<br>(3) COMMENCEMENT OF PHASE III OF THE LITIGATION |

This matter is before the Court on the joint statement filed January 8, 2010 by Respondent Robert K. Wong, as Acting Warden of San Quentin State Prison (the "Warden") and Petitioner Richard J. Vieira ("Vieira") regarding exhaustion. Previously, the Warden filed an answer to Vieira's federal petition on December 9, 2009, contesting Vieira's entitlement to relief and raising the affirmative defense of state procedural bar to many of the claims because relief was denied by the California Supreme Court on independent state grounds. The Warden did not raise lack of exhaustion as an affirmative defense. Relying on *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), the Warden also did not raise any objections based on *Teague v. Lane*, 489 U.S. 288 (1989), arguing that procedural default issues "ordinarily" should be decided before inquiring into the retroactivity issues governed by *Teague*. In the first footnote to his answer, the Warden reserved his right to object to specific claims in the petition based on the *Teague*-bar. He was previously directed to include *all* substantive and procedural affirmative defenses. *See* July 13, 2009 Order (doc. 62) and November 11, 2009 Order (doc. 66).

In his comprehensive general discussion of the principles governing procedural default, particularly procedural defaults based on untimeliness, the Warden places a great deal of reliance on the recent United States Supreme Court opinion, *Beard v. Kindler*, ___ U.S. ___, ___, 130 S. Ct. 612, 618 (2009), for the proposition that discretionary rules can be "firmly established" and "regularly followed" even where exercise of that discretion may permit consideration of a federal claim in some instances but not in others.

The "independent and adequate state ground," that is, procedural default, is not jurisdictional, but "based on equitable considerations of federalism and comity." *Lambrix*, 520 U.S. at 523. Although relief may not being granted as to a procedurally defaulted claim (absent cause and prejudice or a fundamental miscarriage of justice), principles of federalism and comity are not offended where the merits are reached and relief is denied. Established precedent in this circuit dictates that a decision with respect to evaluating procedural default is to be informed by furthering the interests of "judicial efficiency" in addition to the interests of federalism and comity. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Thus, if deciding the merits of a claim proves to be less complicated and less time consuming than adjudicating the issue of procedural default, discretion may be exercised to address the merits of a claim first. *Batchelor v. Cupp*, 693 F.2d 859, 864 (9th Cir. 1982), *quoted by Boyd*, 147 F.3d at 1127. In light of the complex system for determining procedural default under present habeas jurisprudence, the merits of Vieira's claims will be addressed *in advance* of procedural default. *See* Fresno Attorney Guide, ¶ 54 (and accompanying footnote). Should it become necessary to address the issue of procedural default, the parties will be directed to submit further briefing on adequacy, regular application, and whether the state procedural default is independent of federal constitutional questions. The Supreme Court decision in *Kindler*, ___ U.S. ___, 130 S. Ct. 612, will be applied at that time. As to those claims for which the Warden demonstrates a valid procedural default, examination of cause and prejudice and/or a fundamental miscarriage of justice will follow.

Good cause appearing therefor,

1. Within five court days of the filing of this Order, the parties will confer about the Warden's failure to allege all procedural defenses to Vieira's federal petition, particularly the retro-activity bar under *Teague v. Lane*.

2. On or before January 21, 2010, Vieira shall file a notice with the Court stating whether he does or does not consent to the Warden's reservation of his "right" to raise a *Teague*-bar affirmative defense during merits briefing of the petition. If Vieira does object, the Warden shall file an amendment to his answer identifying the claims to which he alleges a *Teague*-bar on or before February 4, 2010.

3. On or before January 25, 2010, Vieira, through his appointed attorneys shall file, under seal, a Phase III case management and budget plan.

4. A Case Management Conference for Phase III will be conducted telephonically on February 18, 2010, at 12:00 noon, with Vieira's attorneys bearing the responsibility for arranging and initiating the call.

SO ORDERED.

Date:    January 13, 2010

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge