IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. VIEIRA,<br><br>    Petitioner,<br><br>vs.<br><br>Vincent Cullens, as Acting Warden<br>of San Quentin State Prison,*<br><br>    Respondent. | Case No. 1:05-cv-1492-OWW<br><br><u>DEATH PENALTY</u> CASE<br><br>PHASE III CASE MANAGEMENT ORDER<br><br>February 18, 2010 CMC: VACATED |

Petitioner Richard J. Vieira ("Vieira") filed his petition for a writ of habeas corpus on October 29, 2006 (doc. 37). On October 31, 2006, he filed a state petition for habeas corpus in the California Supreme Court (*In re Richard J. Vieira,* S147688). The California Supreme Court denied Vieira's October 31, 2006 state habeas corpus petition on June 24, 2009.

Returning to federal proceedings, on July 10, 2009, Respondent Vincent Cullens, as Acting Warden of San Quentin State Prison (the "Warden") was ordered to file an answer to the federal petition by November 10, 2009 (doc. 62). The Warden requested, and on November 17, 2009, received an extension for the due date of his answer up to and including December 10, 2009. The Warden was directed to file his answer without points and authorities, consistent with Rule 5 of the Rules Governing § 2254 Cases, raising all substantive and procedural affirmative defenses he intended to pursue (doc. 66). On December 9, 2009, the Warden filed an answer reserving the *Teague*-bar defense pending procedural default litigation and resolution. After further direction from the Court and an objection from Vieira, the Warden filed an amended answer to the petition on February 2, 2010 (doc. 74). In an earlier joint

---

*Vincent Cullens is substituted for his predecessor, Robert K. Wong, as Acting Warden of San Quenin State Prison
05dp1492#4.PhaseIIICaseMgmtOrd.Vie.wpd            1            pursuant to Federal Rule of Civil Procedure 25(d).

statement (doc. 68), the parties agreed that the federal petition is fully exhausted. With the filing of the Warden's amended answer on February 2, 2010, the pleadings are at issue and Phase II of the litigation has come to an end.

In Phase III of federal capital habeas corpus litigation, the pleadings are briefed and further evidentiary development is requested. Phase III will end when Vieira's anticipated motion for an evidentiary hearing is resolve. Based on the briefing schedule set out below, Phase III is anticipated to last through September 30, 2012. Resolution of the evidentiary hearing motion includes a determination of the merits of claims for which evidentiary development is requested. Record based claims also may be resolved on the merits during Phase III. If an evidentiary hearing is ordered, the case will progress to Phase IV.

Originally, this matter was scheduled for a telephonic Phase III Case Management Conference at which both parties would appear to discuss briefing schedules. Counsel for the Warden would then be excused and further discussions would continue with Vieira's counsel to discuss a Phase III budget. Since the parties are in agreement with respect to a briefing schedule, the need for a telephonic hearing is obviated.

GOOD CAUSE APPEARING

1. Vieira's memorandum of points and authorities in support of his petition shall be filed on or before August 2, 2010.

2. The Warden's memorandum of points and authorities in opposition to the petition shall be filed on or before February 2, 2011.

3. Vieira shall file a reply brief on or before May 2, 2011.

4. The parties are encouraged to meet and confer about the need to conduct discovery. It is anticipated that motions for formal discovery pursuant to Rule 6 of the Rules Governing § 2254 Cases or record expansion pursuant to Rule 7 of the Rules Governing § 2254 Cases will be presented and resolved without altering the schedule for briefing the petition.

5. Vieira shall file his motion for an evidentiary hearing pursuant to Rule 8 of the Rules Governing § 2254 Cases on or before June 2, 2011. The evidentiary motion shall be limited to identification of: (a) the claims for which a hearing is sought; (b) an offer of proof as to the evidence sought

to be presented; (c) a brief statement of the legal grounds for the evidentiary hearing; and (d) an explanation of diligence exercised in state court to develop the claims before the California Supreme Court (*see* 28 U.S.C. § 2254(e)(2)). In light of the briefing of the petition, legal analysis and citation of authorities in support of claims for which a hearing is sought will not be necessary.

6. The Warden shall file his opposition to the evidentiary hearing motion on or before July 6, 2011.

7. Vieira shall file his reply to the opposition on or before August 8, 2011.

SO ORDERED.

Date:   February 17, 2010

/s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge