IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. VIEIRA,<br><br>        Petitioner,<br><br>  vs.<br><br>Vincent Cullen, as Warden of San Quentin State Prison,<br><br>        Respondent. | Case No. 1:05-cv-1492-OWW<br><br>DEATH PENALTY CASE<br><br>ORDER MODIFYING BRIEFING SCHEDULE FOR PHASE III OF THE LITIGATION |

Petitioner Richard J. Vieira ("Vieira") filed his petition for a writ of habeas corpus on October 29, 2006 (doc. 37). On October 31, 2006, he filed a state petition for habeas corpus in the California Supreme Court (*In re Richard J. Vieira,* S147688). The California Supreme Court denied Vieira's October 31, 2006 state habeas corpus petition on June 24, 2009.

On December 9, 2009, Respondent Vincent Cullens, as Warden of San Quentin State Prison (the "Warden") filed an answer reserving the *Teague*-bar defense. He filed an amended, complete answer on February 2, 2010 (doc. 74). In an earlier joint statement (doc. 68), the parties agreed that the federal petition is fully exhausted.

On February 18, 2010, a briefing schedule for Phase III of the litigation was established. The parties were advised that Phase III will end when Vieira's anticipated motion for an evidentiary hearing is resolved. Resolution of the evidentiary hearing motion includes a determination of the merits of claims for which evidentiary development is requested. Record based claims also may be resolved on the merits during Phase III. Based on the briefing schedule approved, it is anticipated that Phase III will

reach a culmination in October 2010. If an evidentiary hearing is ordered, the case will progress to Phase IV.

On July 20, 2010, Vieira requested a modification of the previously established briefing schedule on account of significant vision problems suffered by co-lead counsel, Wesley A. Van Winkle due to bilateral subcapsular cataracts. While the cataracts were diagnosed in March, 2010, the two, separate surgeries were delayed until June 2010. In Mr. Van Winkle's supporting declaration, he reports that he is currently recovered his vision, but has fallen behind in all his work due to the vision loss, doctor's appointments, surgeries, and recovery time.

To justify the need for an extension, Vieira also relies on the extensive case-load of his attorneys, Mr. Van Winkle and Assistant Federal Defender Timothy J. Foley, scheduling conflicts with investigators who also have other litigation commitments, and jury duty of Mr. Foley. Mr. Van Winkle avers that he telephoned Deputy Attorney General Catherine Chatman, who represents Respondent Vincent Cullen, as Warden of San Quentin State Prison, to ascertain whether she would oppose the originally conceived request for a 30-day extension of time for Vieira's brief. Ms. Chatman agreed to the 30-day extension so long as the entire briefing schedule were to be moved back the same number of days.

GOOD CAUSE APPEARING

1. Vieira's memorandum of points and authorities in support of his petition shall be filed on or before September 1, 2010.

2. The Warden's memorandum of points and authorities in opposition to the petition shall be filed on or before March 4, 2011.

3. Vieira shall file a reply brief on or before June 1, 2011.

4. The parties are encouraged to meet and confer about the need to conduct discovery. It is anticipated that motions for formal discovery pursuant to Rule 6 of the Rules Governing § 2254 Cases or record expansion pursuant to Rule 7 of the Rules Governing § 2254 Cases will be presented and resolved without altering the schedule for briefing the petition.

5. Vieira shall file his motion for an evidentiary hearing pursuant to Rule 8 of the Rules Governing § 2254 Cases on or before July 6, 2011. The evidentiary motion shall be limited to identification

of: (a) the claims for which a hearing is sought; (b) an offer of proof as to the evidence sought to be presented; (c) a brief statement of the legal grounds for the evidentiary hearing; and (d) an explanation of diligence exercised in state court to develop the claims before the California Supreme Court (*see* 28 U.S.C. § 2254(e)(2)).  In light of the briefing of the petition, legal analysis and citation of authorities in support of claims for which a hearing is sought will not be necessary.

6. The Warden shall file his opposition to the evidentiary hearing motion on or before August 8, 2011.

7. Vieira shall file his reply to the opposition on or before September 7, 2011.

SO ORDERED.

Date:   July 21, 2010

           /s/ Oliver W. Wanger
Oliver W. Wanger
United States District Judge

05dp1492.OModPhaseIIIBriefingSch.Vie.wpd                    3