IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD J. VIEIRA, | ) | Case No. 1:05-cv-1492-AWI |
| | ) | |
| Petitioner, | ) | DEATH PENALTY CASE |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING WITHOUT |
| KEVIN CHAPPELL, as Acting Warden of | ) | PREJUDICE RESPONDENT'S |
| San Quentin State Prison, | ) | REQUEST TO SEAL DOCUMENTS |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the request of Respondent Kevin Chappell, as Acting Warden of San Quentin State Prison (the "Warden"), to lodge under seal certain documents. Those documents pertain to California Penal Code section 987.9 funding requests of the defense attorney representing Petitioner Richard John Vieira ("Vieira") at trial. The grounds for the request are two fold. First, the documents have been maintained under seal in the state court; and second, subdivision (d) of section 987.9 requires it.

The Court is not persuaded that either of these grounds justify sealing the lodgment of the documents under consideration. This follows from a review of the statutory language of subdivision (d) of section 987.9. In its entirety this subdivision provides:

> The confidentiality provided in this section shall not preclude any court from providing the Attorney General with access to documents protected by this section when the defendant raises an issue on appeal or collateral review where the recorded portion of the record, created pursuant to this section, relates to the issue raised. When the defendant raises that issue, the funding records, or relevant portions thereof, shall be provided to the Attorney General at the Attorney General's request. In this case, the documents shall remain under seal and their use shall be limited solely to the pending proceeding.

In Vieira's case, it is true that the Attorney General (on behalf of the Warden), did in fact request section 987.9 material from the state courts in order to bolster the Warden's defense against Vieira's ineffective assistance of counsel claim. The mention of "any court" in this subdivision (d), however, does not regulate the conduct of federal courts. Rather, it refers to state courts, which initially are in possession of section 987.9 funding request materials. Section 987.9 does not any way regulate federal court conduct.

Second, this Court may take note of the fact that section 987.9 information has been published in court cases for years within the Ninth Circuit and California District Courts. It is evidence used to prove and disprove the adequacy of trial counsel's trial preparation (including consultation with experts and ancillary service providers). *See Ainsworth v. Woodford*, 268 F.3d 868, 877 (9th Cir. 2001); *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995).

Further, with the exception of trial counsel's financial information (that is, copies of his law firm checks for which he sought reimbursement), there is no independent basis to maintain confidentiality of these documents. The only case remotely analogous is *Bittaker v. Woodford*, 131 F.3d 715 (9th Cir. 2003).

In that case, the respondent warden sought to discover the petitioner's trial counsel files to defend against the petitioner's ineffective assistance of counsel claims. The petitioner objected because the trial counsel files included attorney work product as well as evidence of attorney-client communications which could convey inculpatory information. The district court agreed to order the discovery, as limited by a protective order precluding distribution of materials in state court should the federal court grant a writ of habeas corpus and the case were retried. *Id*. at 717. The Ninth Circuit affirmed, holding that while fairness requires a habeas petitioner to waive the attorney-client privilege when advancing an ineffective assistance of counsel claim, the waiver should not extend beyond the federal proceedings into state court should the state conviction or sentence be vacated. *Id*. at 722, 726. The court instructed that when granting the state warden's discovery request of trial counsel files, district courts should "enter appropriate orders clearly delineating the contours of the limited waiver before the commencement of discovery, and strictly police those limits thereafter." *Id*. at 728. *Bittaker* is inapposite to Vieira's case. The issue of inculpatory matters, or even

1 attorney–client communications are not discernible from financial records.  Moreover, the issue of
2 how much the State of California paid Vieira's first trial counsel would be irrelevant to any issues
3 raised at a new capital trial were habeas relief granted.
4      In light of the foregoing, that the Warden's request to lodge section 987.9 related documents
5 is denied without prejudice.  If the documents are necessary for the Court's resolution of Vieira's
6 federal habeas corpus petition, the Court will accept public lodgement of the documents, or the
7 parties may bring additional authorities to the Court for consideration of the sealing request on a
8 renewed motion.
9      IT IS SO ORDERED
10 Dated  May 9, 2012

                                                    /s/ Anthony W. Ishii
                                      Anthony W. Ishii, Chief
                                     United States District Judge