IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. VIEIRA, <br><br> Petitioner, <br><br> vs. <br><br> KEVIN CHAPPELL, as Acting Warden of San Quentin State Prison,* <br><br> Respondent. | Case No. 1:05-cv-01492 AWI <br><br> <u>DEATH</u> <u>PENALTY</u> <u>CASE</u> <br><br> ORDER RE: PETITIONER'S PRO SE SUBMISSIONS FOR A HEARING ON CONFLICT OF INTEREST ISSUES |

This matter is before the Court on the April 27, May 11, and May 21, 2012 pro se submissions presented for filing by Petitioner Richard J. Vieira ("Vieira"). The Court rejects filing of all three documents.

**I.      Procedural History in the Present Case and Related State Habeas Proceedings**

The underlying crime involves the murder of four individuals by Vieira and five co-defendants. One co-defendant accepted a plea for a reduced sentence and testified against the others. Vieira's case was severed from the remaining four co-defendants and tried first in Stanislaus County. On September 6, 1991 the jury found Vieira guilty of four counts of first degree murder and one count of conspiracy. Additionally, the jury found true the multiple murder special circumstance making Vieira eligible for the death penalty. Penalty proceedings culminated on September 13, 1991 with a verdict of death on the conspiracy count and three of the four first degree murder counts. Vieira's motions for new trial and to modify the verdict were denied on March 30, 1992 and his death sentence was imposed. With a reduction of the death penalty to 25 years to life for the conspiracy count, his conviction and sentence were affirmed by the California Supreme Court on

---

*Kevin Chappell is substituted as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

1  March 7, 2005, as modified on May 26, 2005. *People v. Vieira*, 35 Cal. 4th 264 (2005). The
2  conviction and sentence became final on October 31, 2005 with the denial of Vieira's petition for
3  writ of certiorari by the United States Supreme Court.

4  Vieira commenced the present action on November 22, 2005 with an application for stay of
5  execution and a request for appointment on counsel. After two attorneys were appointed to represent
6  him on March 15, 2006, Vieira filed his complete petition for writ of habeas corpus on October 26,
7  2006, which is the operative petition in this action ("Petition"). On October 31, 2006 he filed his
8  first state petition for habeas corpus in the California Supreme Court under case number S147688.
9  With the pendency of the state petition, abeyance of federal proceedings was ordered on January 4,
10 2007. Vieira's attorneys of record thereafter filed quarterly status reports of the state proceedings,
11 culminating with notice on June 30, 2009 that the California Supreme Court had denied his state
12 petition on June 24, 2009.

13 Briefing on the federal pleadings was complete on January 9, 2012 with the filing of Vieira's
14 reply brief in support of the Petition. On January 23, 2012 Vieira filed a motion for an evidentiary
15 hearing and expansion of the record as to nine claims (Claims 1, 2, 3, 4, 7, 8, 9, 44, and 45) of the
16 Petition. The opposition brief was filed on March 15, 2012, and Vieira's reply brief was filed on
17 April 19, 2012. The matter currently stands submitted.

18 During the aforementioned briefing process, on February 21, 2012, the Court appointed John
19 T. Philipsborn as independent counsel to address specified matters pertinent to Vieira's
20 representation. As noted in the order terminating appointment of independent counsel filed
21 concurrently herewith, the confidential May 3, 2012 report prepared and filed under seal by Mr.
22 Philipsborn fulfilled the Court's objectives in making the appointment.

23 The final matter bearing on the Court's review of Vieira's pro se submissions is the pendency
24 of a successive petition before the California Supreme Court. The docket entry of the state high
25 court shows that Vieira filed a pro se petition on May 16, 2011 under case number S193257, entitled
26 "Petition for writ of habeas corpus filed by condemned inmate in propria persona." A second docket
27 entry on June 7, 2011 indicates Vieira filed additional evidence in support of his pro se petition.
28

There are no other docket entries for case number S193257 and no further information is available about this pending state matter.

**II.     Related Civil Rights Complaint**

On January 9, 2012, the same day briefing on the federal habeas pleadings was complete, Vieira commenced a Civil Rights action pursuant to 42 U.S.C. §§ 1983 and 1985, naming Governor Brown, former Governor Schwarzenegger, current and former justices of the California Supreme Court, the California Appellate Project, all certified death penalty approved defense attorneys, the State of California together with all counties, cities, and other municipalities contained therein, and various federal district court and appellate court judicial officers.  1:12-cv-0044 AWI MJS.  The complaint in that action reflects Vieira's claim that he is incarcerated under an illegal sentence, that the named defendants have engaged in a criminal conspiracy to create an illegal state capital conviction review process, that the delay of years in resolving claims before the California Supreme Court has prejudiced his ability to challenge his capital conviction, and that the combination of these violations has effected a suspension of the writ of habeas corpus in violation of his Due Process Rights under the Fourteenth Amendment to the United States Constitution.  On May 22, 2012, the Magistrate Judge filed Findings and Recommendations dismissing this action without prejudice.

**III.    The Pro Se Submissions**

Each of the recent pro se submission is summarized.

**A.     The April 27, 2012 Submission**

Verbatim, the caption of this submission is reads: "Court's ORDER to Review Petitioner's Conflict of Interest ."  It references the fact that the Court previously appointed independent counsel, presents various arguments, and attaches privileged correspondence.  The Court has not read the privileged correspondence and does not intend to do so.

**B.     The May 11, 2012 Submission**

The May submission is a motion identical to the motion of Paul C. Bolin ("Bolin") in *Bolin v. Chappell*, Case no. 1:99-cv-5279 LJO, which Bolin submitted for filing, and which was filed on April 16, 2012.  In his motion, Vieira, like Bolin, asserts that the policies, procedures, rules, and rulings of the California Supreme Court are unconstitutional because they deprive him of meaningful

review of his claims.  Like Bolin, Vieira argues the existence of a conflict of interest with his attorneys because of their apparent acquiescence in the alleged illegal conduct of the California State Court system. Attached to the motions of both Vieira's and Bolin's motions is a memorandum of points and authorities of a co-inmate, Theodore Shove ("Shove"), filed in the Central District of California, Case No. CV 12-2194 R.  The Shove motion also alleges illegalities and suspension of the writ due to state procedures.  The Central District Court dismissed Shove's action for lack of exhaustion of state remedies on April 6, 2012.  The order states that Shove's direct appeal in his capital case is still pending before the California Supreme Court.

### C. The May 21, 2012 Submission

The most recent submission is a letter requesting the Court to rule on Vieira's prior submissions in the present case as well as in his civil rights action (1:12-cv-00044)

## IV. Discussion

Local Rule 191, subdivision (d) of the Eastern District of California Local Rules, under the heading "Attorney Representation," provides in part: "Having appointed counsel to represent the petitioner, the Court generally will not consider pro se documents about the presentation of his or her case.  However, the Court generally will consider pro se motions concerning petitioner's representation by appointed counsel."

With respect to the April 27, 2012 submission, Vieira's complaints and concerns presented in that document were referred to Mr. Philipsborn, as independent counsel.  The Court finds that the views presented in this April submission are superseded by the information relayed in Mr. Philipsborn's May 3, 2012 confidential report.

Regarding the May 11, 2012 submission, although Vieira's pleading is framed in terms of a conflict of interest with his appointed attorneys, his complaint is not about lack of attorney communication or mishandling of the merits of his substantive claims.  Rather he bases his claim of an alleged conflict of interest on the fact that his appointed attorneys feel bound by the policies, procedures, rules, and rulings of the California Supreme Court, and further that they have declined to bring claims challenging the California State Court system before this Court.

This is not a bona fide conflict of interest. Rather, it is an attempt to present substantive claims to the Court which Vieira's attorneys have not raised. Moreover, there is nothing the least bit ineffectual about the attorneys' declination to raise in this Court Vieira's challenges to the California State Court system. First, and foremost, Vieira's case is fully briefed and ripe for decision on the merits by this Court. Second, even if this Court believed the California State Court system were flawed, it is without authority to provide a remedy. Finally, the claim Vieira wishes to pursue is not cognizable on federal habeas corpus.

With respect to Vieira's May 21, 2012 submission, in light of the Court's finding that the asserted conflict of interest with his attorneys does not require any remedial action and that the substantive relief he seeks is not cognizable, no further action is required. Regarding the civil rights action, the Court will enter an order on the Findings and Recommendations of the Magistrate Judge within the time prescribed.

**V.   Conclusion**

The three submissions addressed herein shall not be filed. No remedy is available for the claims Vieira advocates, and the claims are not cognizable. The ends of justice will be better served if the Court focuses on the substantive claims currently under consideration. Vieira's counsel are directed to provide him with a copy of this order. The Clerk of the Court is directed to return the three submissions to Vieira.

IT IS SO ORDERED.

DATE:   May 25, 2012

/s/ Anthony W. Ishii
Anthony W. Ishii
United States District Judge