# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHN VIEIRA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RON DAVIS, Warden of California State Prison at San Quentin,<br><br>　　　　Respondent. | Case No. 1:05-cv-1492-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER RE: PETITIONER'S PRO SE SUBMISSION<br><br>Case to Remain Closed |

　　　　This matter is before the Court following a pro se submission from Petitioner Richard John Vieira received on November 7, 2016. The submission appears to request that the Court issue a writ of mandamus to the California Supreme Court relating to petitioner's capital conviction, sentence, and the direct and collateral reviews thereof.

　　　　On February 5, 2015, the Court entered judgment denying petitioner's federal petition for writ of habeas corpus on claims arising from his capital conviction and sentence. See Doc. Nos. 141 & 142. On March 6, 2015, petitioner, through counsel, filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit. See Doc. Nos. 145, 146, 147; Richard Vieira v. Ron Davis, 9th Cir. Case No. 15-99003.

　　　　Petitioner's November 7 pro se submission does not include a case number. It is captioned "capital case", "request for en banc review" and "writ of mandamus." The submission refers to several statutes, including 28 U.S.C. § 2254 as partial authority, and it relates to petitioner's capital conviction and sentence that is now pending with the Ninth Circuit.

　　　　The Court declines to entertain the pro se submission for several reasons. First, "once an appeal is filed, the district court is divested over the matters being appealed." National Ass'n of Home Builders v. Norton, 325 F.3d 1165, 1167 (9th Cir. 2003). The relief that Petitioner seeks

1

through his pro se submission appears to be essentially the same relief he seeks with the Ninth Circuit. Although there are exceptions for actions that seek to maintain the status quo pending appeal, see Natural Res. Defense Council v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001), Petitioner is not requesting that the Court maintain the status quo. Second, apart from the appeal, Petitioner has not demonstrated that this Court has jurisdiction to issue a writ of mandamus to the state court. See 28 U.S.C. §§ 1361, 1651; Demos v. U.S. District Court for the Eastern District of Washington, 925 F.2d 1160, 1161 (9th Cir. 1991) (noting that the Ninth Circuit lacks jurisdiction to issue a writ of mandamus to a state court). Third, Petitioner is represented by counsel in his pending appeal. Counsel consists of the same individuals who represented him during the proceedings in this Court. It is not appropriate for Petitioner to make pro se filings in this Court regarding matters that are being appealed. Any such submissions should be made by counsel, not Petitioner, and be directed to the Ninth Circuit. Fourth, and related to the first reason, Petitioner submitted in a pro se capacity (despite being represented by counsel) a similar "mandamus petition" in the Ninth Circuit; the Ninth Circuit declined to entertain that petition. See Ninth Circuit Docket in Case 15-99003 at Doc. No. 34.

In short, Petitioner's pro se submission is improper and will not be entertained or considered in this Court.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to append the pro se submission as an exhibit to this order;

2. The Clerk of the Court is further directed to return the paper pro se submission to petitioner; and

3. This case REMAINS CLOSED.

IT IS SO ORDERED.

Dated:   November 17, 2016             _____
                                              SENIOR DISTRICT JUDGE